IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BILLY KINDREX, JR.                                                                    PLAINTIFF

VERSUS                                             CIVIL ACTION NO. 3:06cv100HTW-JCS

RONNIE PENNINGTON, et al.                                                 DEFENDANTS

ORDER EXTENDING TIME TO COMPLY

BEFORE the Court is plaintiff's response [6-1] filed May 11, 2006, to the order to show cause [5-1] filed May 2, 2006. This Court finds that the plaintiff's response does not address a portion of the order to show. Therefore, out of an abundance of caution, the plaintiff will be granted an extension of time to comply with the second part of the order to show cause which directed him to sign and return to this court an Acknowledgment of Receipt and Certification or a Notice of Voluntary Dismissal. Accordingly, it is hereby,

ORDERED:

1. That the plaintiff's is granted until and including July 6, 2006, to sign either the Acknowledgment (Form PSP-3) if he wishes to continue this civil action **or** if the plaintiff wants to dismiss this case, then the plaintiff shall sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court, P.O. Box 23552, Jackson, MS 39225 .

2. That the plaintiff is warned that his failure to timely comply with any order of this Court or his failure to keep this Court informed of his current address may result in the dismissal of this case.

This the 21st day of June, 2006.

*s/ James C. Sumner*
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
**NOTICE TO PRISONERS FILING COMPLAINTS**

The attached Acknowledgment of Receipt must be signed and returned if you wish to continue your lawsuit.

Please read carefully the below detailed provisions of the Prison Litigation Reform Act, Title 28, United States Code, Section 1915 and Section 1932, along with Section 47-5-138 of the Mississippi Code of 1972 since they may affect your decision to continue with this lawsuit.

I.    **IMPOSITION OF FILING FEES**

In accordance with the in forma pauperis (IFP) statute, as a prisoner you will be obligated to pay the full filing fee of $250.00 for a civil action, or $455.00 for an appeal.

1. <u>If you have the money to pay the filing fee</u>, you should immediately send a cashier's check or money order to the court.

2. <u>If you do not have enough money to pay the full filing fee</u> the court will assess an initial partial filing fee thirty (30) days from the filing of your complaint. The initial partial filing fee will be equal to 20 percent of the average monthly deposits to your prison account for the last six months or 20 percent of the average monthly balance in your prison account for the last six months period, whichever is greater. The court will order the agency that has custody of you to take that initial partial filing fee out of your prison account as soon as funds are available and to forward the money to the court.

<u>After the initial partial filing fee has been paid</u>, you will owe the balance of the filing fee. Until the amount of the filing fee is paid in full, each month you will owe 20 percent of your preceding month's income credited to your prison account toward the balance. The agency that has custody of you will collect that money and send payments to the court any time the amount in your prison account exceeds $10.00.

3. <u>Regardless of whether some or all of the filing fee has been paid,</u> the court is required to screen your complaint and to DISMISS the complaint if:
    a.   Your allegation of poverty is untrue;
    b.   The action is frivolous or malicious;
    c.   Your complaint does not state a claim upon which relief can be granted; or
    d.   You sue a defendant for money damages and that defendant is immune from liability for money damages.

4. <u>Judgments including costs-</u> If a judgment is rendered against you that includes the payment of costs, you will be required to pay the **full amount** of the costs ordered. You will be required to make payments for costs in the same manner as is provided for filing fees.
PSP-1

II. **<u>NOTICE AND WARNING</u>**

    **1. Federal Law- Future Suits May be Barred**
Under Title 28 U.S.C. § 1915, if a prisoner has, on **3** or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was **dismissed** on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted, the prisoner **<u>will be barred</u>** from bringing any further civil action or appeal a judgment in a civil action or proceeding unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915, § 804 (g).

    **2. Federal Law- Loss of Good Time**
Under Title 28 U.S.C. § 1932, in any civil action brought by an adult convicted of a crime and confined in a <u>Federal Correctional Facility</u>, if the court finds that the claim was filed for a malicious purpose, or the claim was filed solely to harass the party against which it was filed, or the claimant testifies falsely or otherwise knowingly presents false evidence or information to the court, the court may order the revocation of earned good time credit under 18 U.S.C. § 3624(b), that has not yet vested.

    **3. State Law- Loss of Good Time**
Under Mississippi Code § 47-5-138, if a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections is dismissed as frivolous or malicious, by a final order, the department shall forfeit:
    a. **Sixty (60) days** of an inmate's accrued earned time if the department has received one (1) final order;
    b. **One hundred twenty (120) days** of an inmate's accrued earned time if the department has received two (2) final orders;
    c. **One hundred eighty (180) days** of an inmate's accrued earned time if the department has received three (3) or more final orders.

The Department may <u>not restore</u> earned time forfeited under this section.

In light of the potential consequences of having your case dismissed as "frivolous" you are advised that the term "frivolous" may have a legal meaning that is different from what you consider this term to mean.  Even though you are completely sincere in your suit, it may be dismissed as "frivolous" if it lacks an arguable basis in law or fact.  Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  *See, e.g.,* <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).

                                        J. T. Noblin
                                        Clerk of Court

PSP-1

> <u>If Plaintiff wishes to continue with his or her lawsuit, he or she should sign and return one copy of this notice to the Clerk of Court immediately.</u>

<u>ACKNOWLEDGMENT OF RECEIPT and
CERTIFICATION TO BE SIGNED AND RETURNED BY THE PLAINTIFF</u>

    I have read the above statements, and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time.

    I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to **180 days** of earned "good time" credits, if I am confined within the Mississippi Department of Corrections.

    I have read the above statements, and fully understand that if the court finds this lawsuit was filed for a malicious purpose, or solely to harass the defendants, or that I testified falsely or otherwise knowingly presented false evidence or information to the court, I may lose earned "good time" credit, that has not yet vested, if I am confined in a Federal Correctional Facility.

_____          _____
DATE                                                        SIGNATURE OF PLAINTIFF

                                                    _____
                                                    NAME OF PLAINTIFF (Please Print or type)

**Directions to the Plaintiff:**

**Print your name here:** _____

**Print the Defendants name(s) here:** _____
                                                    _____
                                                    _____

**Print the number assigned to your case by the Clerk's office** ___:___cv_____ ___
                                                    **(Example: 3 : 04 cv 999 RSu)**

PSP-3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
_____ DIVISION

_____     PLAINTIFF

VERSUS                                    CIVIL ACTION NO. _____

_____     DEFENDANT(S)

**NOTICE OF VOLUNTARY DISMISSAL**

I hereby move the Court to dismiss pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure the above styled case at this time without prejudice and without assessment of any costs against me.

I further attest that this motion is voluntarily made and is not based upon pressure or threats from any source whatsoever.

This the _____ day of _____, 20\_\_\_\_.

_____
Signature of Plaintiff

After reviewing the correspondence from this Court, if you wish to dismiss your case you should fill in your name, the name of the defendant(s) and the case number on this form and return the signed copy of this Notice of Voluntary Dismissal to the Clerk of Court immediately.

PSP-4