IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BILLY KINDREX, JR.                                                                                    PLAINTIFF

VERSUS                                                       CIVIL ACTION NO.  3:06cv100HTW-JCS

RONNIE PENNINGTON, EDDIE THOMPSON,
RONNIE ANDREWS, EDDIE RHODES,
BOBBY SMITH, AND BRIAN BAILEY                                                      DEFENDANTS

OPINION AND ORDER

This cause comes before this court, sua sponte.  On May 2, 2006, this court entered an order to show cause [5-1] why this civil action should not be dismissed for failing to comply with the orders of February 22, 2006.  The plaintiff filed a response [6-1] on May 11, 2006.  However, this court determined that he failed to address a portion of the order to show cause [5-1].  An order [7-1] was entered on June 21, 2006, extending the time for the plaintiff to comply with the order to show cause [5-1] entered on May 2, 2006.  The plaintiff was granted until and including July 6, 2006, to comply with the orders of June 21, 2006 and May 11, 2006.  The plaintiff was warned in this court's order of June 21, 2006, that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address could lead to the dismissal of his complaint.  Plaintiff failed to comply with either of the orders.

When the plaintiff did not comply, this court on July 21, 2006, entered an order [8-1] directing the plaintiff to show cause in writing on or before August 8, 2006, why this case should not be dismissed for failure to comply with this court's order entered June 21, 2006.  In addition, the plaintiff was directed to comply with the order of June 21, 2006.  Once again, the plaintiff failed to comply.

Out of an abundance of caution, another order to show case [9-1] was entered on September 12, 2006.  The plaintiff was directed to comply with the order of September 12, 2006, within 15 days from the entry of the date of that order.  The envelope [11-1] containing this order to show cause [9-1] was returned with a notation of "RTS," return to sender.

According to the docket entries, the plaintiff has failed to comply with the orders of this court and to advise this court of a new address.  The plaintiff was warned by this court that he must comply with the orders of this court and that it was his responsibility to notify this court of a change of address.  Therefore, it is apparent that the plaintiff lacks interest in pursuing this claim since he has not communicated with this court, either to comply with the orders of June 21, 2006 and July 21, 2006, or to contact this court about the status of this civil action, since May 11, 2006, when he filed his response [6-1].

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of

2

plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 20th day of November, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:06-cv-100 HTW-JCS